WITHERS v. ARMSTRONG.

(Court of Civil Appeals of Texas. San Antonio. Jan. 3, 1912. Rehearing Denied Jan. 24, 1912.)

BROKERS (§ 86*)—COMMISSIONS—ACTIONS—EVIDENCE—SUFFICIENCY.

Where a commission was claimed both by a real estate broker and by the purchaser of the land, evidence *held* to sustain a finding awarding the commission to the broker.

[Ed. Note.—For other cases, see Brokers, Cent. Dig. §§ 116–120; Dec. Dig. § 86.*]

Appeal from District Court, Bexar County; J. L. Camp, Judge.

Bill of interpleader by Josephine H. Frost against J. P. Withers, J. H. Kirkpatrick, and Charles Armstrong. The first and last named defendants interpleaded, and, from a judgment for the last, the first-named defendant appeals. Affirmed.

Templeton, Brooks, Napier & Ogden, for appellant. Kampmann & Burney, for appellee.

COBBS, J. This suit was by bill of interpleader by Mrs. Josephine H. Frost against J. P. Withers, J. H. Kirkpatrick, and Chas. Armstrong, that the court might determine to whom $1,827.72, claimed as commission, should be paid. Both defendants Withers and Armstrong answered, claiming the commission. Kirkpatrick asserted no claim. The case was tried by the court below, without a jury, and judgment rendered in favor of Armstrong for the sum of $1,717.82 and $100 adjudged and allowed to plaintiff for her attorney, who filed the bill of interpleader. No separate findings or conclusions of law were made by the court. Mrs. Frost, on the trial, admitted the commission to be due; but on account of the adverse claims of Withers and Armstrong the whole matter was submitted to the court.

Giving full effect to the facts as developed in the case, in which there was a controversy, the findings of fact establish the general judgment of the court. The effect of the finding is that Armstrong was the agent of Frost in procuring a purchaser who was ready, able, and willing to take the property at the price he was authorized to make the sale for. The evidence fully supports such a conclusion, and, but for the claim of Withers, there would be no question raised but what Armstrong was entitled to his commission, for such seemed to be the view taken by Mr. Frost, who represented his mother in making the sale,

It will be borne in mind that Mr. J. P. Withers purchased the property, and presents a case where the purchaser of property asserts the claim for commission in his own behalf. It is not disputed that at one time Armstrong had an option to sell the land, and also was entitled to, not only commission for selling the land, but in a further agreement to participate in the excess over and above $45 per acre. There was a sharp conflict in the testimony, but that has been settled by the court with the judgment in favor of Armstrong. Mr. Withers bases his claim for commission upon the final settlement had between him and Mr. Frost, after the expiration of the option which Armstrong had to sell the property. His statement, speaking of Mr. Frost, is: "He told me the option at $45 had expired. He looked it up, but says: 'I don't want to act if Armstrong wants to buy this. I am not dickering.' I said, 'That is correct, but I tell you there is no occasion for third parties between us, and, if you want to sell this to me, I want an option for 10 days on it,' which he gave me—gave me an option for 10 days at that time. When the 10 days was up, I went back and deposited $1,000, and we made a contract for the purchase of it. I told him that it had been my custom, when I bought a tract of land, that they allowed me a commission; that was sorter my business, and, I had seen Kirkpatrick, and I dealt with real estate men generally, and they allowed me half if they bought for me.' And he said, 'I think we will allow you the 5 per cent.; that's, all right (meaning Frost). My first payment would be less 5 per cent.' Joe Frost said that, * * * and he said: 'Now, here, Mr. Withers, suppose I allow you this 5 per cent. commission, and some other fellows come from the outside and claim commission? Where are we going to be? I want you to give us an agreement that you will protect us against any other claims.' Reduced to writing, why, we made an agreement right at that time, certainly. Nobody got any claim. Well I will stand it whether 5 per cent. or 50 per cent., I will protect this claim." As stated herein, Mr. Armstrong insisted upon his claim. All of the facts were heard by the court below, and judgment was entered against Mr. Withers. The judgment of the court is supported by the facts.

We have considered all of the assignments of error of appellant and find no reversible error, and the judgment of the court is affirmed.